IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) No. 3:17-CR-00428-JO<br>) |
| v. | )<br>) OPINION AND ORDER |
| JOSE PEREZ-RODRIGUEZ | )<br>) |
| Defendant. | )<br>) |

JONES, J.

Defendant Jose Perez-Rodriguez (Perez) brings this Motion to Dismiss for Violation of the Speedy Trial Act. [#13] Perez contends that the federal indictment charging him with Illegal Reentry, in violation of 8 U.S.C. § 1326, was not filed within 30 days of his arrest as required under the Speedy Trial Act, 18 U.S.C. § 3161(b). For the reasons that follow, Perez's motion [#13] is DENIED.

## BACKGROUND

On October 18, 2017, an Immigration and Customs Enforcement (ICE) officer located Perez while Perez was in custody at the Multnomah County Jail following a state drug investigation. [#13, Sealed Ex. A)] On October 19, 2017, ICE transported Perez to its Enforcement and Removal Office in Portland, Oregon, where he received a Notice of Intent/Decision to Reinstate a Prior Order. [#13, Sealed Ex. B)]. An ICE agent gave Perez *Miranda* warnings and then interviewed Perez. After stating that he understood his rights, Perez

1 Opinion and Order

admitted that he was a citizen of Mexico, had been previously removed from the United States to Mexico in 2012, and had re-entered the United States in August, 2016, without permission from either the Attorney General or the Secretary for the Department of Homeland Security. [#13, Sealed Ex. B] Perez remained in custody at the ICE detention facility from October 19, 2017, until November 29, 2017, when he was indicted by a Grand Jury for the instant Illegal Reentry charge. On November 30, 2017, the U.S. Marshal Service served Perez with an arrest warrant. Perez was arraigned on the charge later the same day.

## STANDARDS

Under the Speedy Trial Act, an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). If a violation occurs, the Act mandates dismissal:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

18 U.S.C. § 3162(a)(1).

## DISCUSSION

Perez argues that the indictment filed against him on November 29, 2017 must be dismissed because he was in de facto federal criminal custody starting on October 19, 2017. Perez contends that the October 19 interview, during which the ICE agent gave Perez *Miranda* warnings, triggered the running of the 30-day clock. At that time, ICE had all of the necessary information to charge Perez with the crime of Illegal Reentry pursuant to 18 U.S.C. § 1326. And

ICE detained him continuously from October 19 through November 29, 2017 without conducting any hearings to reinstate his prior removal order.

The government counters that when ICE transferred Perez from Multnomah County, it did so for the purpose of determining Perez's eligibility to remain in this country, a strictly administrative proceeding. Perez remained in administrative custody until November 29, 2017, the date of the current indictment. The government asserts that because Perez was arrested on the federal criminal immigration charges on November 30, 2017, the day after he was arraigned, the 30-day limitation of the Speedy Trial Act was moot.

The Ninth Circuit has "repeatedly declined to apply the Speedy Trial Act in situations where the defendant's detention is not pursuant to federal criminal charges, even though federal criminal authorities may be aware of and even involved with that detention." *United States v. Cepeda-Luna*, 989 F.2d 353, 356 (9th Cir. 1993). Here, the evidence indicates that Perez's arrest by ICE on October 19, 2017 was an administrative detention. The paperwork filled out by ICE during Perez's detention included Form I-213, the first step in the civil deportation process. Perez's Form I-213 indicated the reason for transporting him from Multnomah County to ICE was "for service of a Notice of Intent/Decision to Reinstate a Prior Order." All of this is consistent with civil deportation charges as authorized by 8 U.S.C. § 1231.

Perez contends that the administrative immigration proceeding was a mere ruse to hold Perez for the illegal reentry prosecution. The Ninth Circuit has adopted the "ruse exception" to the general rule that the Speedy Trial Act does not apply to administrative detentions. *Cepeda-Luna*, 989 F.2d at 357. Under this exception, the Speedy Trial Act can be applied to civil detentions when a defendant demonstrates that "federal criminal authorities . . . collude[d] with civil or state officials to have those authorities detain a defendant pending federal criminal

charges solely for the purpose of bypassing the requirements of the Speedy Trial Act." *Cepeda-Luna*, 989 F.2d at 357. Perez's proof that federal criminal authorities colluded with civil authorities consists of: (1) ICE giving Perez *Miranda* warnings in contemplation of a criminal prosecution; (2) the fact that the government had all the information necessary to bring the federal charge of Illegal Reentry under 8 U.S.C. § 1326 on October 19, 2017; and, (3) the fact that ICE conducted no hearings during Perez's detention from October 19, 2017 to November 29, 2017.

Perez's proof of collusion is insufficient. First, *Miranda* warnings do not turn a civil proceeding into a criminal one. *Miranda* warnings are triggered by the compulsory or coercive aspect of a custodial situation. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). If, in the investigatory stage of a case, a defendant is taken into custody, warnings should be given. *Mathis v. United States*, 391 U.S. 1 (1968)(Miranda warnings required in custodial situation during IRS tax investigation prior to criminal charges.) Here, Perez was in custody, albeit for an administrative process, and the *Miranda* warnings did not change the civil administrative process into a criminal one. Perez does not offer evidence that the government directed the ICE agent to give Miranda warnings in anticipation of future criminal charges or in any way communicated with ICE agents during Perez's detention.

As for Perez's second basis, the fact that the government may have had all the information it needed to charge Perez with Illegal Reentry also fails to establish collusion. In the cases where courts have found Speedy Trail Act violations, the administrative and criminal charges have been identical, *see, e.g. United States v. Okuda*, 675 F. Supp. 1552 (D. Haw. 1987)(civil and criminal charges based on a false visa), here, the two charges are different. The purpose of the administrative arrest was to reinstate a prior deportation order so that Perez could

be administratively deported. The purpose of this Illegal Reentry case is to prosecute Perez for coming back into the United States without obtaining the legal authority to do so. Each case stands on its own without relying on the facts or elements of the other proceeding. *See, Cepeda-Luna,* 989 F.2d at 357 (no collusion where defendant's administrative detention was to determine if he should be deported "as an alien convicted of an aggravated felony and controlled substance offenses," while his criminal charge was for Illegal Reentry).

Finally, Perez seeks to establish collusion by showing that no activity occurred in his civil proceeding between his arrest and the indictment in the criminal case. 8 U.S.C. § 1231(a)(1)(B)(iii) allows for a 90 day removal period commencing with the detention of an alien. Here, ICE held Perez in administrative custody for less than the 90 days. The fact that ICE did not deport Perez within the 41 days he was held in ICE detention does not prove that ICE was holding him at the behest of the government.

## CONCLUSION

The Speedy Trial Act does not apply to civil proceedings. Perez has presented no evidence that prosecutors and ICE officials colluded between October 19, 2017, and November 29, 2017, to bypass the Speedy Trial Act or that his detention in ICE custody was a "ruse" to evade the Speedy Trial Act. Perez's Motion to Dismiss for Violation of the Speedy Trial Act. [#13] is DENIED.

IT IS SO ORDERED.

DATED this 16º day of April, 2018.

Judge Robert E. Jones, United States District Judge